**LEONARDO LAW OFFICES, PLLC**
Nathan D. Leonardo
Arizona State Bar No. 018835
2 E. Congress, Suite 900
Tucson, Arizona 85701
Telephone:     (520) 202-7368
Facsimile:      (520) 202-7369
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> vs. <br> **ROBERT STODDARD**, <br> Defendant. | No. CR 09-0918P-TUC-CKJ-BPV <br><br> **MOTION TO DISMISS INDICTMENT** |

It is expected that excludable delay under Title 18, United States Code 3161(h)(1)(F) will occur as a result of this motion or an order based thereon.

The defendant, by and through undersigned counsel, hereby files his Motion to Dismiss Indictment and respectfully requests that this Court dismiss the indictment against him because it fails to allege facts sufficient, on their face, to support the charge against him. This motion is supported by the accompanying Memorandum of Points and Authorities.

Respectfully submitted this 13th day of October, 2009.

LEONARDO LAW OFFICES, PLLC


By */s/Nathan Leonardo*
    Nathan D. Leonardo
    Attorney for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS**

The indictment in this case charges the defendant with one count of felony Assault on a Federal Officer in violation of 18 U.S.C. § 111(a)(1).  The indictment alleges that the defendant "did intentionally and forcibly assault, resist, oppose, impede, intimidate, and interfere with Federal Corrections Officer Christopher Hozey, an officer of the United States or any agency thereof, to an extent not constituting simple assault, by spitting on his face and upper chest area . . ."

**II.   LAW**

"The indictment must allege the elements of the offense charged and the facts which inform the defendant of the specific offense with which he is charges." *United States v. Lane*, 765 F.2d 1376, 1380 (9th Cir. 1985).  "An indictment's failure to 'recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment.'" *United States v. Pernillo-Fuentes*, 252 F.3d 1030, 1032 (9th Cir. 2001) (citing *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).  Although the indictment in this case alleges that the defendant assaulted Officer Hozey, and that this assault did not amount to "simple assault," the specific conduct alleged – spitting on Officer Hozey – does not amount to a felony assault under 18 U.S.C. § 111(a).

The Ninth Circuit has held that a conviction under 18 U.S.C. § 111(a) requires action that amounts to some form of assault. *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008).  To constitute an assault, an action must be "either a willful attempt to inflict injury upon the person of another, or . . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." *Id.* (citing *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976)).  The conduct alleged in this case – spitting – does not fall within the definition of assault set forth by the court in *Chapman* because spitting at someone is not an

attempt to injure him. Therefore, the indictment in this case is insufficient, on its face, to allege an offense under 18 U.S.C. § 111(a) and must be dismissed.

Even if this Court finds that the alleged spitting could be considered an assault under a definition other than that set forth in *Chapman*, a review of relevant case law indicates that it could only be considered a "simple assault" and, therefore, a misdemeanor. The *Chapman* Court held that 18 U.S.C. § 111(a) creates two distinct offenses, a misdemeanor and a felony. *Chapman*, 528 F.3d at 1221. A violation of 18 U.S.C. § 111(a) that constitutes only a "simple assault" is a misdemeanor offense. *Id.* at 1222. As discussed, the defendant asserts that his conduct did not amount to an assault as it generically defined by the court in *Chapman*. The *Chapman* Court did not specifically or separately define "simple assault" for purposes of 18 U.S.C. § 111(a). However, the Ninth Circuit, along with several other circuits, has defined "simple assault" for purposes of a very similar statute: 18 U.S.C. § 113(a)(5). As discussed below, it is clear that spitting is generally considered a misdemeanor "simple assault."

In *United States v. Lewellyn*, 481 F.3d 695 (9th Cir. 2007), the Ninth Circuit explicitly found that the act of spitting was a misdemeanor "simple assault." In that case, it upheld a misdemeanor conviction under 18 U.S.C. § 113(a)(5) after finding that "intentionally spitting on another person is an offensive touching that rises to the level of *simple assault* under the theory of assault as an attempted or completed battery." *Id.* at 699. The court reasoned that a misdemeanor assault under 18 U.S.C. § 113(a)(5) could include a battery, which at common law only required a willful offensive touching. *Id.* at 697. Other circuits have also found that conduct like spitting amounts to a misdemeanor "simple assault" under 18 U.S.C. § 113(a)(5). See *United States v. Whitefeather*, 275 F.3d 741 (8th Cir. 2002) (affirming misdemeanor conviction for simple assault where defendant urinated on victim); *United States v. Bayes*, 210 F.3d 64, 69 (finding that misdemeanor "simple assault" under 18 U.S.C. § 113(a)(5) requires only a showing that "the defendant deliberately touched another in a patently offensive manner without

justification or excuse," and that grabbing a victim's buttocks was a "simple assault"); and *United States v. Williams*, 197 F.3d 1091, 1095-96 (11th Cir. 1999) (finding that the act of touching a minor in a nonviolent sexual manner amounted to "simple assault" under 18 U.S.C. § 113(a)(5)).

The aforementioned cases are particularly instructive in considering what constitutes "simple assault" for purposes of 18 U.S.C. § 111 because they deal with 18 U.S.C. § 113(a)(5), which is a closely related statute. Indeed, "when Congress amended § 111 in 1994 to add the phrase "simple assault" and thus created § 111's misdemeanor offense level, . . . it apparently borrowed the phrase for 18 U.S.C. § 113." *United States v. Gagnon*, 53 F.3d 1021, 1025 (6th Cir. 2009) (citing *United States v. Hathaway*, 318 F.3d 1001, 1007 (10th Cir. 2003)). Thus, if the alleged spitting can be considered an assault for purposes of 18 U.S.C. § 111, it should be considered a misdemeanor "simple assault" based on these cases.

### III.  CONCLUSION

For all the foregoing reasons, the indictment in this case fails to sufficiently allege a felony offense under 18 U.S.C. § 111. Therefore, the defendant respectfully requests that this Court dismiss the indictment.

DATED this 13th day of October, 2009.

**LEONARDO LAW OFFICES, PLLC**

By: */s/Nathan Leonardo*
    Nathan D. Leonardo
    Attorney for Defendant