**LEONARDO LAW OFFICES, PLLC**
Nathan D. Leonardo
Arizona State Bar No. 018835
2 E. Congress, Suite 900
Tucson, Arizona 85701
Telephone:     (520) 202-7368
Facsimile:     (520) 202-7369
Attorney for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> vs. <br><br> **ROBERT STODDARD**, <br><br> Defendant. | No. CR 09-0918P-TUC-CKJ-BPV <br><br> **REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS INDICTMENT** |

The defendant, by and through undersigned counsel, hereby files his Reply to Government's Response to Motion to Dismiss Indictment requesting that his motion be granted for the reasons set forth below.

The government is correct in pointing out that 18 U.S.C. § 111(a)(1) has been amended to include the following language differentiating misdemeanor and felony violations: "where the acts in violation of this section constitutes only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involved physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years or both." However, "physical contact," which under the language of the statute applies only to physical contact as part of an assault, is undefined. Moreover, "simple assaults" still constitute misdemeanors

under the statute. As discussed in the defendant's motion to dismiss, the Ninth Circuit has held that spitting constitutes "simple assault." *United States v. Lewellyn*, 481 F.3d 695 (9th Cir. 2007). This is consistent with numerous cases in other circuits that have found spitting, as well as other more egregious conduct, to be a "simple assault. See *United States v. Whitefeather*, 275 F.3d 741 (8th Cir. 2002) (affirming misdemeanor conviction for simple assault where defendant urinated on victim); *United States v. Bayes*, 210 F.3d 64, 69 (finding that misdemeanor "simple assault" under 18 U.S.C. § 113(a)(5) requires only a showing that "the defendant deliberately touched another in a patently offensive manner without justification or excuse," and that grabbing a victim's buttocks was a "simple assault"); and *United States v. Williams*, 197 F.3d 1091, 1095-96 (11th Cir. 1999) (finding that the act of touching a minor in a nonviolent sexual manner amounted to "simple assault" under 18 U.S.C. § 113(a)(5)).

The term "physical contact" is undefined. What constitutes "physical contact" for purposes of a felony pursuant to 18 U.S.C. § 111 appears to an issue of first impression. Undersigned counsel has been unable to find a single case where someone, who was not infected with a contagious disease, was convicted of a felony offense for simply spitting on someone. In *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009), the Sixth Circuit addressed the un-amended version of 18 U.S.C. § 111. In that case, the defendant spit at officers and also physically resisted them. *Id.* at 1022. The government agreed to proceed with the case as a misdemeanor. *Id.* at 1022-23. The Sixth Circuit interpreted the statute differently than the Ninth Circuit, finding that what distinguished "simple assault" from felony conduct under the statute was "physical contact" or the intent to commit a serious felony. *Id.* at 1027. The case is instructive in that the court's interpretation of the statute was similar to the way the amended statute reads. Nevertheless, the court made clear that it was not going to go so far as to decide the issue faced in this case, noting: "We also leave aside for another day the less timeless but no less profound question whether – assuming spitting alone could constitute an assault – a successful spit (one that hit its intended

target) creates sufficient "physical conduct" under our construction of § 111 to elevate lugie-hurling from misdemeanor "simple assault" into being a felony under the "all other cases" clause." *Id.* at 1028 (FN 7).

Given that felony "physical contact" remains undefined, and that the Ninth Circuit has already concluded that spitting is a "simple assault," which under the amended version of 18 USC § 111(a)(1) is a misdemeanor, the defendant urges this Court to find that the indictment, which alleges spitting as a felony, is insufficient as a matter of law.  Alternatively, if this Court decides to answer the profound question presented, but left unanswered, by the Sixth Circuit in *Gagnon*, the defendant asserts that the definition of "physical contact" for purposes of a felony violation should be the act of physically contacting another person with your body or physically contacting another person with your body in an attempt to injure that person.  This definition would comport with the case law by treating conduct like spitting, which has traditionally been deemed a misdemeanor offensive touching (as opposed to an attempt to injure or even place someone in apprehension of imminent physical injury) as less serious than contact intended to injure, such as punching or striking.  This distinction seems appropriate given the enormous difference in the potential penalties for misdemeanor and felony conduct.  It is also a sound distinction to make from a public policy perspective.  Insulting or offensive contact would still be sufficiently punished, but assaultive contact intended to injure would garner significantly greater punishment. Potential defendants who find themselves in an altercation with federal officials would then have a real disincentive in escalating their conduct from mere offensive behavior to an actual attack.

### III.     CONCLUSION

For all the foregoing reasons, the defendant respectfully requests that this Court grant his motion to dismiss the indictment.

DATED this 29th day of October, 2009.

**LEONARDO LAW OFFICES, PLLC**


By: */s/Nathan Leonardo*
    Nathan D. Leonardo
    Attorney for Defendant