DENNIS K. BURKE
United States Attorney
District of Arizona
Ann DeMarais
Assistant U.S. Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: 520-620-7300
ann.demarais@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, ) | CR 09-0918-TUC-CKJ (BPV) |
| Plaintiff, ) | |
| vs. ) | **UNITED STATES'** |
| ) | **REQUESTED JURY** |
| Robert Leroy Stoddard, Jr., ) | **INSTRUCTIONS** |
| Defendant. ) | |
| _____ ) | |

   The United States of America, through undersigned counsel, respectfully submits the attached instructions to the Court and requests that the Court give these instructions to the jury in the trial of the above-captioned matter.

   RESPECTFULLY submitted this 4th day of November, 2009.

             DENNIS K. BURKE
             United States Attorney
             District of Arizona

             *S/Ann L. DeMarais*

             ANN DEMARAIS
             Assistant United States Attorney

Copy of the foregoing served electronically/delivered
this 4th day of November, 2009 to:

Nathan Leonardo, Esq.

STANDARD INSTRUCTIONS

The government requests that the following standard instructions from the <u>Ninth Circuit Manual of Model Jury Instructions, Criminal</u>, 2003 Ed., be read along with the accompanying Government's Requested Jury Instructions:

Preliminary Instructions:

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.3 | What is Evidence |
| 1.4 | What is Not Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |

Instructions During the Course of Trial:

| | |
|---|---|
| 2.1 | Cautionary Instruction, First Recess |
| 2.2 | Bench Conferences and Recesses |
| 2.3 | Stipulation of Testimony (if applicable) |

| | 2.4 | Stipulation of Fact (if applicable) |
|---|---|---|

Instructions at the End of the Case:

| | 3.1 | Duties of Jury to Find Facts and Follow Law |
|---|---|---|
| | 3.2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof |
| | 3.3 | Defendant's Decision Not to Testify (if applicable) |
| | 3.4 | Defendant's Decision to Testify (if applicable) |
| | 3.5 | Reasonable Doubt - Defined |
| | 3.6 | What is Evidence |
| | 3.7 | What is Not Evidence |
| | 3.8 | Direct and Circumstantial Evidence |
| | 3.9 | Credibility of Witnesses |

Consideration of Particular Evidence:

| | 4.1 | Statements by Defendant |
|---|---|---|

Jury deliberations:

| | 7.1 | Duty to Deliberate |
|---|---|---|
| | 7.2 | Consideration of Evidence |
| | 7.3 | Use of Notes |
| | 7.4 | Jury Consideration of Punishment |
| | 7.5 | Verdict Form |
| | 7.6 | Communication With Court |

In addition to the above general standard instructions, the government requests that the Court provide the following instructions to the jury that specifically relate to the present case:

    8.2        Assault on Federal Officer

    Determining whether act involved physical contact

    Government's Requested Special Verdict Form

## GOVERNMENT'S REQUESTED INSTRUCTIONS NO. 1

### Assault on Federal Officer
### (18 U.S.C. §§ 111)

The defendant is charged in the indictment with assault on a federal officer in violation of Sections 111 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally used force in assaulting, resisting, intimidating, or interfering with Federal Corrections Officer, Christopher Hozey; and

Second, the defendant did so while Officer Christopher Hozey was engaged in, or on account of his official duties.

There is a use of force when one person intentionally strikes another.

Spitting at someone is considered "use of force."

AUTHORITY: 9TH Cir. Crim. Jury Instr. 8.2 (2003). *United States v. Lewellyn*, 481 F.3d 695 (9th Cir. 2007), (citing *United States v. Frizzi*, 491 F.2d 1231 (1st Cir. 1974).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 2**

### **Determining whether there was physical contact**

If you find the defendant guilty of the charge in the indictment, you are then to determine if the act involved physical contact.

<u>AUTHORITY</u>: 18 U.S.C. §§ 111(a)(2) (as amended in 2007)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## **GOVERNMENT'S SUGGESTED SPECIAL VERDICT FORM**

The government requests that the following special verdicts be included on the verdict form as to each count :

1. We, the Jury, find the defendant Not  Guilty or Guilty (circle one) as charged in the indictment.

[*Note:* If you find the defendant not guilty as charged, you need not consider paragraph 2 below.  If you find the defendant guilty as charged, proceed to paragraph 2 below.

2) We, the Jury, having found the defendant guilty of the offense charged in  the indictment, further find that (place an X in the appropriate box):

[  ] the act involved physical contact

[  ] the act did Not involve physical contact