FILED

JAN 04 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10124 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00918-CKJ-BPV-1 |
| v. | |
| ROBERT LEROY STODDARD, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted December 9, 2010
San Francisco, California

Before: REINHARDT, HAWKINS, and N.R. SMITH, Circuit Judges.

Robert Leroy Stoddard, Jr. ("Stoddard") appeals his conviction for felony assault on a federal officer involving physical contact under 18 U.S.C. § 111(a)(1), arguing that the conduct at issue, intentionally spitting on a federal corrections officer engaged in his official duties, amounts only to a simple assault punishable by a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

maximum of one year's imprisonment, rather than a felony punishable by a maximum of eight years' imprisonment, because: (1) the government failed to prove actual physical contact between Stoddard and the officer; and (2) spitting is a mere simple assault offense under Ninth Circuit precedent.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A.  **Statutory Text**

The current version of § 111, under which Stoddard was convicted, creates three separate offenses: (1) misdemeanor simple assault and (2) felony assault involving physical contact or intent to commit another felony, both included under § 111(a); and (3) felony assault involving a deadly or dangerous weapon or bodily injury, included under § 111(b).  18 U.S.C. § 111; *accord United States v. Rivera-Alonzo*, 584 F.3d 829, 833 & n.2 (9th Cir. 2009).  Congress's original goal in enacting § 111 "was to give 'maximum protection to federal officers[,]'" *United States v. Sommerstedt*, 752 F.2d 1494, 1497 (9th Cir. 1985) (emphasis added) (quoting *United States v. Feola*, 420 U.S. 671, 684 (1975)), from "the wrongful use of *any* force directed against them[,]" *id*.

Section 111(a) was amended as part of the Court Security Improvement Act of 2007, Pub. L. No. 110-177, § 208(b), 121 Stat. 2534, 2538 (2008).  Prior to amendment, § 111(a) included the current misdemeanor simple assault offense and a

2

felony offense subject to a maximum of eight years' imprisonment in "all other cases" not constituting simple assault or assault with a weapon or bodily injury under § 111(b). 18 U.S.C. § 111 (effective through Jan. 6, 2008).

However, as amended, § 111(a)(1) clearly dictates "that the line between misdemeanors and felonies is drawn at physical contact or acting with the intent to commit another crime[.]" *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010); *see also* 8 U.S.C. § 111(a)(1); *United States v. Chapman*, 528 F.3d 1215, 1219 (9th Cir. 2008). Thus, while the amended statute does not define simple assault, it clarifies that for the purposes of § 111, an "assault, coupled with the presence of physical contact . . . is *not* simple[,]" and "[u]nder § 111(a), as amended, assaults are treated as felonies" as long as they involve physical contact or intent to commit another felony. *Chapman*, 528 F.3d at 1219 (internal citations omitted) (emphasis added). As such, *any* forcible assault against a federal officer involving physical contact, committed without the use of a dangerous weapon and not resulting in bodily injury, is a felony assault under § 111(a). *Rivera-Alonzo*, 584 F.3d at 833 & n.2.

**B.    Physical Contact**

Stoddard nonetheless argues that spitting does not rise to the level of a felony assault involving physical contact because it does not involve body-to-body touching. However, the plain statutory text does not require such contact; it merely requires

"physical contact." 18 U.S.C. § 111(a). *Cf. United States v. Ramirez*, 233 F.3d 318, 322 (5th Cir. 2000) (interpreting former § 111(a) "all other cases" assault provision to mean that "[*a*]*ny physical contact* [ ] by which a person 'forcibly assaults . . .' a federal officer in the performance of his duties but which does not involve a deadly weapon or bodily injury, falls into the" felony provision of subsection (a) (partial emphasis added)).

Further, as Stoddard concedes, spitting constitutes an offensive touching amounting to a common law battery where the spit makes contact with the victim. *See United States v. Lewellyn*, 481 F.3d 695, 699 (9th Cir. 2007) ("[I]ntentionally spitting in another person's face easily falls within the scope of an offensive touching."); *United States v. Masel*, 563 F.2d 322, 323-24 (7th Cir. 1977) (finding spitting an offensive touching because "[i]t is ancient doctrine that intentional spitting upon another person is battery."); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974) (spitting is "a bodily contact intentionally highly offensive," and therefore qualified as a "forcible assault, or more exactly, a battery" amounting to a felony offense under former version of § 111). Stoddard points to no authority, and the court finds none, distinguishing between "physical contact" and "offensive touching."

Additionally, other circuits, interpreting the pre-amendment "in all other cases" assault provision consistently with § 111(a)'s post-amendment language, have

4

determined that throwing bodily fluids or excrement onto a federal officer constitutes felony assault involving physical contact, rather than simple assault involving no bodily contact or touching, under an identical theory of assault as an attempted or completed battery. *See United States v. Martinez*, 486 F.3d 1239, 1245-46 (11th Cir. 2007) (spraying urine on federal corrections officer involved actual physical contact not resulting in bodily injury and not involving a deadly weapon, and therefore fell under § 111(a)'s felony assault provision, rather than its simple assault provision); *Ramirez*, 233 F.3d at 321-22 ("By hurling [a] urine-feces mixture onto Officer Griffin, Ramirez committed an assault *which involved physical contact*, but not a deadly weapon or bodily harm." (emphasis added)). Indeed, the Fifth Circuit noted that throwing human waste onto a corrections officer was "the very sort of physical but non-injurious assault contemplated by the 'all other cases' provision" of the pre-amendment § 111, which it construed to require physical contact like the current § 111(a). *Ramirez*, 233 F.3d at 322.

Spitting, like throwing urine or other bodily fluids, involves the type of non-injurious physical contact contemplated by § 111(a)'s felony provision. As such, Stoddard's spitting conduct amounted to a completed battery, which amply supported his conviction for an assault involving physical contact under this court's adoption of the common law theory of assault as an attempted battery. *Cf. Lewellyn*, 481 F.3d at

5

697-98 (Since "an assault is attempted battery . . . proof of a battery will support conviction of an assault" (internal quotations omitted)).

## C. Spitting Is Not Confined to Simple Assault

Despite having conceded that spitting amounts to an offensive touching, Stoddard argues that this court's decision in *Lewellyn* definitively categorized spitting as a misdemeanor simple assault, rather than a felony assault.

In *Lewellyn*, we found that the defendant's actions in intentionally spitting on a patient at a VA hospital amounted to a simple assault under 18 U.S.C. § 113(a)(5), a statute similar and related to § 111. 481 F.3d at 696-99. However, we did not hold that spitting may *only* be classified as a simple battery. Lewellyn was only charged with simple battery, *id.* at 696, and § 113 did not contain any intermediate felony assault offense between simple assault and assault involving a deadly or dangerous weapon. As such, it does not appear that Lewellyn could have been charged under any of the statute's other assault offenses sections. *See* 18 U.S.C. § 113(a)(5). Thus, *Lewellyn*'s holding was narrow and does not constrain our analysis here: the court merely determined that spitting was *sufficient* to sustain a conviction for simple assault under a theory of assault as an attempted battery. 481 F.3d at 698-99.

It is undisputed that Stoddard intended to and did spit at a federal officer engaged in his official duties, and that the spit actually hit the officer in the face.

6

Accordingly, Stoddard committed a forcible assault resulting in actual physical contact, *see* 18 U.S.C. § 111(a)(1), and the uncontested evidence sufficed to sustain the conviction, *see Lewellyn*, 481 F.3d at 698-99.

**AFFIRMED.**

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings
(December 2009)

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

(1) A. **Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  ▶ A material point of fact or law was overlooked in the decision;
  ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

B. **Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at   under *Forms*.
- You may file a petition electronically via the appellate ECF system.  No paper copies are required unless the Court orders otherwise.  If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper.  No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at   under *Forms.*

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at  under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - ► West Publishing Company; 610 Opperman Drive; PO Box  64526; St. Paul, MN 55164-0526 (Attn: Kathy Blesener, Senior Editor);
    - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

Form 10. Bill of Costs .................................................................................................................(Rev. 12-1-09)

# United States Court of Appeals for the Ninth Circuit

## BILL OF COSTS

**Note:** If you wish to file a bill of costs, it MUST be submitted on this form and filed, with the clerk, with proof of service, within 14 days of the date of entry of judgment, and in accordance with 9th Circuit Rule 39-1. A late bill of costs must be accompanied by a motion showing good cause. Please refer to FRAP 39, 28 U.S.C. § 1920, and 9th Circuit Rule 39-1 when preparing your bill of costs.

[         ] v. [         ]   9th Cir. No. [    ]

The Clerk is requested to tax the following costs against: [         ]

| Cost Taxable under FRAP 39, 28 U.S.C. § 1920, 9th Cir. R. 39-1 | REQUESTED Each Column Must Be Completed | | | | ALLOWED To Be Completed by the Clerk | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST | No. of Docs. | Pages per Doc. | Cost per Page* | TOTAL COST |
| Excerpt of Record | | | $ | $ | | | $ | $ |
| Opening Brief | | | $ | $ | | | $ | $ |
| Answering Brief | | | $ | $ | | | $ | $ |
| Reply Brief | | | $ | $ | | | $ | $ |
| Other** | | | $ | $ | | | $ | $ |
| | | | TOTAL: | $ | | | TOTAL: | $ |

\* Costs per page may not exceed .10 or actual cost, whichever is less. 9th Circuit Rule 39-1.

\*\* Other: Any other requests must be accompanied by a statement explaining why the item(s) should be taxed pursuant to 9th Circuit Rule 39-1. Additional items without such supporting statements will not be considered.

Attorneys' fees **cannot** be requested on this form.

*Continue to next page.*

**Form 10. Bill of Costs -** *Continued*

I, _____ , swear under penalty of perjury that the services for which costs are taxed were actually and necessarily performed, and that the requested costs were actually expended as listed.

Signature _____

("s/" plus attorney's name if submitted electronically)

Date _____

Name of Counsel: _____

Attorney for: _____

---

(To Be Completed by the Clerk)

Date _____     Costs are taxed in the amount of $ _____

Clerk of Court

By: _____ , Deputy Clerk